IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAUL JOSEPH BRUNO,
    Petitioner,

vs.                                      Case No.:  3:12cv131/LAC/EMT

KENNETH S. TUCKER,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 10). Petitioner filed a response in opposition to the motion (doc. 13).

        The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND AND PROCEDURAL HISTORY

        The procedural background of this case is established by the state court record (doc. 10).[1] Petitioner was charged in the Circuit Court in and for Okaloosa County, Florida, Case No. 1999-CF-

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 10), unless otherwise indicated. If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

991, with five counts of lewd and lascivious assault upon a child (Ex. C at 5). Petitioner entered into a written plea agreement, pursuant to which he agreed to plead nolo contendere to four counts of lewd and lascivious assault upon a child in exchange for a sentence of 188 months of imprisonment, with pre-sentence jail credit, and physical castration, and the State's agreement to dismiss the fifth count (Ex. E at 26–27). The plea agreement provided that if, after consulting with a medical professional, Petitioner determined he did not desire physical castration, he would plead nolo contendere to five counts of lewd and lascivious assault upon a child in exchange for a sentence of 256 months of imprisonment with pre-sentence jail credit (*id.*). The trial court accepted the plea (*id.* at 28–37, 40–44), upon Petitioner's election to undergo physical castration, and sentenced him on January 25, 2000, to four concurrent terms of 188 months of imprisonment, with pre-sentence jail credit of 216 days, and physical castration (*id.* at 38–52). Petitioner did not appeal the judgment.

As a result of partial success in a Rule 3.850 proceeding, *see* Bruno v. State, 837 So. 2d 521 (Fla. 1st DCA 2003), the physical castration part of the sentence was determined illegal and reversed, and Petitioner was re-sentenced on May 6, 2003, to fifteen (15) years (180 months) of imprisonment on Count 1 and concurrent terms of 76 months of imprisonment on Counts 2, 3, 4, and 5, to run consecutively to the sentence on Count 1 and with sentence credit on Count 5 from the date of his original arrest (*see* Exs. E, F, G, H, I, K at 72). Petitioner appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 1D03-2609 (Ex. M). Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (Ex. M). Petitioner filed a pro se initial brief (Ex. N). The First DCA affirmed per curiam without written opinion on June 13, 2005, with the mandate issuing July 11, 2005 (Exs. J, O, P). Bruno v. State, 905 So. 2d 127 (Fla. 1st DCA 2005) (Table).

As a result of partial success in a Rule 3.800(a) proceeding, Petitioner was again re-sentenced, on January 30, 2006, to concurrent terms of 173.7 months of imprisonment on Counts 1–5, with pre-sentence of 216 days and credit for all time previously served in the Department of Corrections (Ex. R). An Amended Judgment and Sentence was rendered February 27, 2006 (*id.* at 63–68). Petitioner appealed the decision to the First DCA, Case No. 1D06-1326 (Exs. S, U). The

First DCA affirmed per curiam without written opinion on July 2, 2007, with the mandate issuing October 2, 2007 (Exs. Q, X, Y).  Bruno v. State, 965 So. 2d 125 (Fla. 1st DCA 2007) (Table).

On December 7, 2009, Petitioner filed another Rule 3.800(a) motion (Ex. AA at 1–8).  The state circuit court summarily denied the motion on April 23, 2010 (*id.* at 25–27).  Petitioner appealed the decision to the First DCA, Case No. 1D10-2863 (Ex. BB).  The First DCA affirmed per curiam without written opinion on September 27, 2010, with the mandate issuing October 25, 2010 (Exs. Z, CC, DD).  Bruno v. State, 45 So. 3d 463 (Fla. 1st DCA 2010) (Table).  Petitioner sought review by the Supreme Court of Florida, Case No. SC10-2119 (Ex. FF).  The supreme court dismissed the case for lack of jurisdiction (Exs. EE, GG).  Bruno v. State, 48 So. 3d 835 (Fla. 2010) (Table).

On April 27, 2011, Petitioner filed a petition for writ of mandamus in the First DCA, Case No. 1D11-2259 (Ex. II).  The First DCA denied the petition on May 27, 2011, and denied Petitioner's motion for rehearing on July 21, 2011 (Exs. HH, JJ, KK, LL).  Bruno v. State, 65 So. 3d 1056 (Fla. 1st DCA 2011) (Table).  Petitioner sought review by the Supreme Court of Florida, Case No. SC11-1726 (Ex. NN).  The supreme court dismissed the case for lack of jurisdiction (Exs. MM, OO).  Bruno v. State, 72 So. 3d 745 (Fla. 2011) (Table).

Petitioner filed the instant § 2254 petition on March 16, 2012 (doc. 1).  He asserts the following grounds for relief:

> Ground One:  The "contract" (plea agreement) was breached by the court, rendering it constitutionally defective.

> Ground Two:  Once the court breached the contract, no one ever offered Defendant the chance to withdraw his plea.

> Grounds Three and Four:  Defendant can prove his complete innocence of all criminal accusations alleged against him.  In the year-and-a-half before giving his highly coerced "confession" (HA!) [sic], Def. broke up with his baby's momma, played a major role in the death of his 24 Y.O [sic] fiancee, lost his 2 "paid-off" cars because he was using all his money trying to stop his condo's foreclosure (tags & ins. [sic] lapsed), County "stole" his "abandoned" cars, bank "stole" his paid-off condo (Def. let bro [sic] get a mortgage against bro's half; bro never made payments, bank used Def.'s half of condo's worth to pay off bro's crack cocaine addiction), Def. went thru [sic] job after job through no fault of his own, Def. lost residence after residence through no fault of his own, often sleeping under a bridge between residences, Def., after all of the above in 18 mind-boggling months, gave up on life

and started smoking crack cocaine. Okaloosa Co. sheriff's investigator Claudia Finn and H.R.S. investigator Donny Wood promised "out patient psych treatment" for the above in exchange for a statement concerning these allegations (jail/prison was never mentioned). After two "dry runs," Finn turned on the tape recorder and, under the influence of alcohol, weed [sic], and crack, Def. repeated what Finn told him he needed to say in order to get their promised "out patient psych treatment." Def. can prove that not a word of his "confession" (HA!) [sic] is true."

(doc. 1 at 8–9).[2]

II.  ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (doc. 10 at 5–6). However, Petitioner argues the appropriate statutory trigger is § 2244(d)(1)(B), "the date on which

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Case No.: 3:12cv131/LAC/EMT

the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action" (doc. 13 at 7). He contends an impediment to his filing was created the day he was re-sentenced, May 6, 2003, because the state court breached the intent of the original plea agreement on that date by sentencing him to a total term of 256 months of imprisonment without giving him the option of withdrawing his plea (*id.*). He contends he has attempted to overcome this "impediment" by raising a constitutional challenge to the re-sentencing through the filing of numerous postconviction applications, but a state court has never addressed the issue (*id.*). He contends the federal limitations period has not yet been triggered, because this "impediment" (that is, the state court's failure to address his claim of constitutional error) remains in place (*id.*).

To show an impediment which would trigger the later commencement date for the one-year period, Petitioner must demonstrate both actual harm or injury, that is, that he was actually prevented from exercising his right of access to courts to attack his conviction, and that the impediment was unconstitutional because not "reasonably related to legitimate penological interests." Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (quoting Lewis v. Casey, 518 U.S. 343, 361, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)) (other citations omitted).[3]

The state courts' rejection of Petitioner's constitutional challenges to his re-sentencing, or rejection of such challenges on procedural grounds, does not equate to a denial of Petitioner's right of access to the courts. Therefore, he has not shown that the adverse state court rulings actually prevented him from filing his federal habeas petition sooner. Accordingly, Petitioner's contention that § 2244(d)(1)(B) is the appropriate trigger for the limitations period is without merit.

Petitioner does not allege, nor do any of the claims asserted in his federal petition suggest, that either of the statutory triggers set forth in § 2244(d)(1)(C) or (D) applies. Therefore, the undersigned concludes the appropriate trigger for the federal limitations period is the date Petitioner's conviction became final, pursuant to § 2244(d)(1)(A). The trial court rendered

---

[3] Akins involved the one-year time limit for filing a 28 U.S.C. § 2255 motion, which similarly provides for later possible commencement dates. *See* § 2255 ¶ 6, subsection (2) (commencing the time from the date a government-created unconstitutional impediment to filing is removed, if the movant was prevented from making a motion by such governmental action).

Petitioner's Amended Judgment and Sentence, the operative judgment in this case, on February 27, 2006.  *See* Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007) (addressing issue of what constitutes "judgment" for purposes of AEDPA's statute of limitations when petitioner is re-sentenced in state court and raised federal habeas claims relating only to original conviction, and holding that judgment on re-sentencing was judgment which triggered federal limitations period because judgment is based on both conviction <u>and</u> sentence).  Respondent assumes arguendo that Petitioner's appeal of the decision which resulted in the amended judgment, although designated by the First DCA as a Rule 3.800 appeal instead of a direct appeal, functioned as Petitioner's direct appeal (doc. 10 at 5–6).  Respondent thus affords Petitioner ninety days from July 2, 2007, the date the First DCA affirmed the judgment, in calculating the date of finality of the judgment, and arrives at a date of October 1, 2007 (*id.*).

      The undersigned likewise assumes, to Petitioner's benefit, that because Petitioner's appeal of the trial court's decision on his Rule 3.800(a) motion was the functional equivalent of a direct appeal of the Amended Judgment and Sentence, he is entitled to the 90-day review period in calculating the date of finality of the Amended Judgment and Sentence.  Petitioner's conviction thus became final on October 1, 2007, upon expiration of the 90-day period in which Petitioner could have filed a petition for a writ of certiorari.[4]  The statute of limitations began to run on October 2, 2007, the day after the 90-day period expired.  *See* Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir.2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).  Petitioner had one year from that date, or until October 2, 2008, to file his § 2254 petition.  *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira, 494 F.3d at 1289 n.1).  Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

---

[4] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the 90–day period expired on October 1, 2007.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Petitioner filed nothing in state court between October 2, 2007 and December 7, 2009. The December 7, 2009 filing did not toll the federal limitations period, because it was filed after the one-year limitations period had expired. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Therefore, Petitioner's federal petition, filed on March 16, 2012, was untimely.

Petitioner argues he is entitled to equitable tolling of the limitations period, because the trial court breached the plea agreement without offering him the opportunity to withdraw his plea (doc. 13 at 4, 7–8). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, — U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)) (internal quotations omitted); *see also* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation omitted). Because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). Thus, the Eleventh Circuit has concluded that equitable tolling is available only "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Id.* (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). "As for the 'extraordinary circumstance' prong, like the Supreme Court's articulation in Holland, [the Eleventh Circuit] too ha[s] required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition. *See* San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing Lawrence, 421 F.3d at 1226–27). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 130 S. Ct. at 2565 (internal quotation marks and citation omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin, 633 F.3d at 1268 (citing

Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)). "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *Id.* (citations omitted).

The trial court's re-sentencing Petitioner without affording him the opportunity to withdraw his plea is not an "extraordinary circumstance." Further, Petitioner has not shown that the re-sentencing prevented him from filing his federal habeas petition on time. Therefore, he has not shown he is entitled to equitable tolling of the limitations period.

Petitioner additionally asserts he is entitled to review of his claims through the "actual innocence" gateway (doc. 1 at 7–8; doc. 13 at 1–3). An "actual innocence" exception to the AEDPA's one-year time limit, if such an exception exists, requires the petitioner (1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See* Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting Schlup v. Delo, 513 U.S. 298, 324, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995)). To be credible, "such a claim requires [a] petitioner to support [her] allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.

In the instant case, Petitioner asserts he is innocent because his confession to committing the sexual assaults was the product of deceit and coercion by an investigator with the local sheriff's department and an investigator with the state child protection agency. Neither the Supreme Court nor the Eleventh Circuit has decided whether Schlup permits a claim of actual innocence based upon "new evidence" of a coerced or otherwise involuntary confession, with no new reliable evidence that the petitioner did not actually commit the acts which constituted the crime.[5] The Eleventh Circuit's holding in Rozelle suggests that the Eleventh Circuit would not extend the exception to such circumstances. In Rozelle, the court held that Schlup's actual innocence "gateway" does not extend to a petitioner who committed the act or acts that constituted the crime and whose alleged "actual innocence" of the conviction is premised on being guilty of only a lesser degree of the crime. 672

---

[5] Similarly, neither court has decided whether Schlup permits a claim of actual innocence based on "new reliable" evidence of a complete affirmative defense that renders the conduct of conviction wholly noncriminal and requires acquittal. *See* Rozelle, 672 F.3d at 1015.

Case No.: 3:12cv131/LAC/EMT

F.3d at 1015.  In the instant case, Petitioner has not supported his allegations with any new reliable evidence showing that he did not commit the acts that constituted the sexual assaults (that is, fondling and/or caressing a 4–6-year-old child's vagina).  Furthermore, the plea agreement, which Petitioner signed and stated in open court that he read and understood, included Petitioner's stipulation that a factual basis for the charges existed (Ex. E at 26–27, 32–33).  Moreover, Petitioner cannot characterize the circumstances of his confession as "newly discovered," because they were obviously known to him at the time he entered his plea.  Therefore, the undersigned concludes Petitioner has failed to show he is entitled to review of his habeas petition through the "actual innocence" gateway.

III.    CONCLUSION

Petitioner filed his § 2254 petition after the one-year federal limitations period expired.  Further, Petitioner failed to demonstrate he is entitled to statutory or equitable tolling of the limitations period, or federal review of his claims through the fundamental miscarriage of justice gateway.  Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

IV.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 10) be **GRANTED**.

2. That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 26th day of September 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** <u>**United States v. Roberts**</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**